[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-12263

Non-Argument Calendar

_____

JOE MORFORD,

Plaintiff-Appellant,

_versus_

MAURIZIO CATTELAN,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cv-20039-RNS

_____

Before JORDAN, JILL PRYOR and BRANCH, Circuit Judges.

PER CURIAM:

Joe Morford, a California artist proceeding *pro se*, appeals the district court's grant of summary judgment in favor of Italian artist Maurizio Cattelan in a suit claiming that Mr. Cattelan's work, *Comedian*, infringed the copyright on his work, *Banana and Orange*. Both works involve the application of duct tape to a banana against a flat surface. Mr. Cattelan's now-viral piece sold at Miami's Art Basel for over $100,000. Mr. Morford claims that piece was a copy. On summary judgment, the district court held, among other things, that Mr. Morford failed to show that Mr. Cattelan had a reasonable opportunity to access Mr. Morford's *Banana and Orange* piece, and thus, did not meet the standard for either probative or striking similarity to establish a copyright claim.

Upon review, we affirm.[1]

## I

We review the district court's ruling on summary judgment *de novo*. *See Alvarez v. Royal Atl. Devs., Inc.*, 610 F.3d 1253, 1263 (11th Cir. 2010). We will affirm the district court's grant of summary judgment if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *See id.* at 1263–64; Fed. R. Civ. P. 56(a).

---

[1] Photos of the two works are attached as an appendix.

We view the record, and all its inferences, in the light most favorable to Mr. Morford.  *See Benson v. Tocco, Inc.*, 113 F.3d 1203, 1207 (11th Cir. 1997).  A genuine issue of material fact is one that can be resolved properly only by a factfinder because it "may reasonably be resolved in favor of either party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  A non-movant's failure to prove an essential element of its claim renders all factual disputes as to that claim immaterial and requires the district court to grant summary judgment to the movant.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

## II

On appeal, Mr. Morford argues that because he can demonstrate striking similarity between *Banana and Orange* and *Comedian*, he was not required to proffer evidence of access to show copyright infringement.  In the alternative, he argues that he can show substantial similarity and that Mr. Cattelan had a reasonable opportunity to access *Banana and Orange* because it was widely disseminated and readily discoverable online.

We agree with the district court that Mr. Morford did not put forth sufficient evidence to create a jury issue on whether Mr. Cattelan had access to *Banana and Orange*. We also agree that Mr. Cattelan's *Comedian*, while similar to *Banana and Orange*, does not meet the high standard for "striking similarity."

## A

To establish a *prima facie* case for copyright infringement, the plaintiff must prove two elements: "(1) ownership of a valid

copyright, and (2) copying of constituent elements of the work that are original." *Bateman v. Mnemonics, Inc.*, 79 F.3d 1532, 1541 (11th Cir. 1996) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). Copying requires both factual and legal copying, *i.e.*, the plaintiff must show both that (1) the defendant actually used the copyrighted work, and (2) the copied elements are protected expression such that the appropriation is legally actionable. *See Compulife Software, Inc. v. Newman*, 959 F.3d 1288, 1301–02 (11th Cir. 2020).

A plaintiff may show factual copying by either direct evidence, or in the absence of direct evidence, indirect evidence "demonstrating that the defendant had access to the copyrighted work and that there are probative similarities between the allegedly infringing work and the copyrighted work." *MiTek Holdings, Inc. v. Arce Eng'g Co.*, 89 F.3d 1548, 1554 (11th Cir. 1996). Access requires the plaintiff to show that the defendant had "a reasonable opportunity to view the work in question." *Corwin v. Walt Disney World Co.*, 475 F.3d 1239, 1253 (11th Cir. 2007) (internal citation and quotations omitted). Importantly, the term "[r]easonable opportunity does not encompass any bare possibility in the sense that anything is possible," and "[a]ccess may not be inferred through mere speculation or conjecture." *Herzog v. Castle Rock Ent.*, 193 F.3d 1241, 1250 (11th Cir. 1999) (internal citation and quotations omitted). Importantly, a plaintiff cannot prove access only by demonstrating that a work has been disseminated in places or settings where the defendant may have come across it. *See id.* at 1249–52 (holding that a "nexus" between the plaintiff and the defendant is required to

establish an inference of access where the plaintiff's work was disseminated in a setting where the defendant may have come across the work).

Here, the district court did not err in granting summary judgment in favor of Mr. Cattelan. Mr. Morford did not put forth sufficient evidence to establish the requisite nexus between his *Banana and Orange* work and Mr. Cattelan, and therefore, failed to create a jury issue on whether Mr. Cattelan had a reasonable opportunity to access *Banana and Orange*. *See, e.g., Herzog*, 193 F.3d at 1249–50 (agreeing that the plaintiff did not assert sufficient evidence to refute the defendant's testimony that he had never heard of or seen the plaintiff's work prior to the lawsuit); *Benson v. Coca-Cola Co.*, 795 U.S. 973, 975 (11th Cir. 1986) (evidence was insufficient to establish access where the plaintiff performed song primarily in South Florida, performed it on isolated occasions in three other states, and there was no evidence that any of the defendant's songwriters visited these venues during the relevant time period).

Mr. Morford presented evidence that his *Banana and Orange* piece was available on his public Facebook page for nearly ten years, was featured in one of his YouTube videos, and was also featured on a blog post. Based on online metrics, he posits that his website has been viewed in over 25 countries, with thousands of unknown viewers potentially coming across *Banana and Orange* during that time. But even if we were to decide to adopt a "widespread dissemination" approach, Mr. Morford's evidence misses the mark. Circuits that have adopted a "widespread dissemination"

standard require that a plaintiff "show that the work has enjoyed considerable success or publicity." *Batiste v. Lewis*, 976 F.3d 493, 503–04 (5th Cir. 2020) (collecting cases). Mr. Morford has not done so. *Banana and Orange*'s mere availability on the internet, without more, is too speculative to find a nexus between *Mr. Cattelan* and Mr. Morford to satisfy the factual copying prong of his infringement claim.

**B**

Nonetheless, where a plaintiff cannot demonstrate access, he or she may "establish copying by demonstrating that [the] original work and the putative infringing work are strikingly similar." *Corwin*, 475 F.3d at 1253 (citation omitted). A striking similarity exists where the similarity in appearance between two works is "so great it precludes the possibility of coincidence, independent creation or common source." *Benson*, 795 F.2d at 975 n.2. In ascertaining whether there is a striking similarity, we address the "uniqueness or complexity of the protected work as it bears on the likelihood of copying." *Id.* This is a high burden.

Mr. Morford asserts that he has established striking similarity based on the same two incongruous items being chosen, grouped, and presented in the same manner within both works. But even "identical expression does not necessarily constitute infringement." *Calhoun*, 298 F.3d at 1232 & n.9. *Cf. Orig. Appalachian Artworks, Inc. v. Toy Loft, Inc.*, 684 F.2d 821, 829 n.11 (11th Cir. 1982) (cautioning district courts "not to be swayed by the fact that two works embody similar or even identical ideas"); *Franklin Mint Corp.*

*v. Nat'l Wildlife Art Exchange, Inc.*, 575 F.2d 62, 66–67 (3d Cir. 1978) (though ideas in the two paintings of cardinals involved were similar, the expressions were not, and thus, no copyright infringement). Although the use of the same two incongruous items (a banana and duct tape) are indeed similar, there are sufficient differences in the two displays to preclude a finding of striking similarity. For example, *Banana and Orange* contains both a banana and an orange held by duct tape, while *Comedian* only contains a banana held by duct tape. *See, e.g.*, *Corwin*, 475 F.3d at 1254 (concluding that plaintiff failed to raise a genuine issue of material fact as to striking similarity where there were significant differences between the two manifestations of the design, including, the presence of several elements in one that were not present in the other).

### III

Because Mr. Morford was unable to establish reasonable access or striking similarity, we affirm the district court's summary judgment order in favor of Mr. Cattelan.[2]

**AFFIRMED.**

---

[2] Because we rule on these grounds, we do not address the district court's additional or alternative holdings, such as the analysis on whether Mr. Morford established substantial similarity (or probative similarities) or the applicability of the merger doctrine.

8                    Opinion of the Court                    23-12263

**APPENDIX**



*Orange and Banana*, D.E. 76-2



*Comedian*, D.E. 74-1